## RECORD NO. 13-4975

In The

# United States Court Of Appeals
## For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

# STEPHEN CARLOS CHRISTIAN,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## AT GREENSBORO

—————————

### BRIEF OF APPELLANT

—————————

**J. Clark Fischer**
**RANDOLPH & FISCHER**
**407 Summit Street**
**Winston-Salem, NC  27101**
**(336) 724-3513**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street  ♦  Suite 230  ♦  Richmond, VA  23219
804-249-7770  ♦  www.gibsonmoore.net

# TABLE OF CONTENTS

**Page**

TABLE OF CASES AND AUTHORITIES.................................ii

STATEMENT OF APPELLATE JURISDICTION............................1

STATEMENT OF ISSUE PRESENTED...................................2

STATEMENT OF THE CASE.........................................3

     STATEMENT OF FACTS .......................................3

SUMMARY OF ARGUMENT...........................................6

ARGUMENT......................................................6

     THE WARRANTLESS SEARCH OF THE LOCKED TRUNK OF
     DEFENDANT'S CAR VIOLATED THE FOURTH AMENDMENT
     PRINCIPLES STATED IN ARIZONA V. GANT, WHEN DEFENDANT
     WAS UNDER ARREST PRIOR TO THE SEARCH AND HAD NO
     ABILITY TO ACCESS HIS VEHICLE.............................6

     A.   APPLICABLE STANDARD OF REVIEW........................6

     B.   THE DISTRICT COURT FAILED TO PROPERLY APPLY GANT
         TO THE FACTS SURROUNDING DEFENDANT'S ARREST..........6

CONCLUSION...................................................12

REQUEST FOR ORAL ARGUMENT....................................12

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

## TABLE OF CASES AND AUTHORITIES

Page(s)

**CASES**

Arizona v. Gant,
    556 U.S. 332, 129 S. Ct. 1710 (2009)..................passim

Chimel v. California,
    395 U.S. 752 (1969).......................................7

Belton v. New York,
    453 U.S. 454 (1981)...................................7, 11

United States v. McBride,
    676 F.3d 385(4th. Cir. 2012) ............................6

United States v. Williams,
    __ F.3d. __ (No. 12-4374, 4th Cir. 2014) ...............6

**STATUTE**

N.C.G.S. 20-141.5.........................................8

28 U.S.C. § 1291..........................................1

**CONSTITUTIONAL PROVISION**

U.S. Const. Amend. IV................................passim

**RULES**

Fed. R. App. P. 4(b).....................................1

Fed. R. Crim. P. 11(a)(2)................................3

## STATEMENT OF APPELLATE JURISDICTION

This appeal is taken from a final Judgment of the District Court which disposed of all pending issues. Appeal is taken as a matter of right pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, and this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUE PRESENTED

**WHETHER THE WARRANTLESS SEARCH OF THE LOCKED TRUNK OF DEFENDANT'S CAR VIOLATED THE FOURTH AMENDMENT PRINCIPLES STATED IN <u>ARIZONA V. GANT</u>, WHEN DEFENDANT WAS UNDER ARREST PRIOR TO THE SEARCH AND HAD NO ABILITY TO ACCESS HIS VEHICLE?**

## STATEMENT OF THE CASE

On April 20th, 2013, three-count indictment issued charging Defendant with possession with intent to distribute marijuana, possession of firearms in furtherance of a drug trafficking offense and possession of a firearm by a convicted felon. (App. 7) On June 5th, 2013, the District Court conducted a hearing on Defendant's Motion to Suppress. (App. 31) Following denial of the motion Defendant entered conditional plea of guilty to counts 2 and 3 of the indictment pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, expressly reserving his right to appeal the Court's ruling. (App. 100-107) The District Court sentenced Defendant to imprisonment for 102 months by judgment entered December 19th, 2013. (App. 108)

Defendant gave timely Notice of Appeal. (App. 114)

**STATEMENT OF FACTS**

The prosecution's evidence at the suppression hearing came from Highway Patrol Sergeant Maurice DeValle. At 3:20 A.M. on October 21st, 2012, DeValle observed a gold Chevrolet Malibu travelling west on Highway 70 in Durham County. (App. 35-6) The car was speeding 73 miles per hour in a 45 mile per hour zone. (App. 36) Devalle activated his blue lights and siren and stopped the Malibu near South Miami Boulevard. (App. 37) As Devalle approached the car it accelerated rapidly and drove away

3

on Highway 70. (App. 38) Devalle then gave chase and was joined by other Highway Patrol units as well as Durham County Sheriff's personnel. Id.

As the chase continued into Orange County on Highway 85 DeValle contacted the Orange County Highway Patrol office to have them in position to place stop sticks to attempt to stop Defendant' car. (App. 38-9) During the chase the Malibu reached speeds of up to 95 miles per hour, with the Malibu weaving between the right and left lanes. (App. 39-40) Just prior to the Malibu entering Orange County Devalle observed an object come out of the driver's window. (App. 40) The object sparked when it hit the roadway and was eventually determined to be a handgun after the chase had been concluded. (App. 40-42)

The Malibu continued driving even after hitting the stop sticks even though its tires were flattened. (App. 42-3) Eventually the vehicle was brought to stop by use of a pit maneuver which involved police cars actually striking the subject vehicle. (App. 43-4) After the stop, Defendant was taken into custody. (App. 45) The arrest was accomplished by DeValle and other troopers approaching Christian's car with guns drawn and Trooper Melvin "assisting" Defendant from the vehicle. (App. 46) DeValle described Christian as very apologetic, saying he ran because he "had one too many drinks."(App. 47) There was a

4

strong odor of alcohol coming from Defendant's person at the time of his arrest. (App. 47)

Officers patted Christian down upon arrest. (App. 48) A small bag of marijuana and some currency were located in Defendant's front pocket. Id. At that point officers placed Defendant in DeValle's patrol vehicle, and Christian stated that there "was some more marijuana in his vehicle." (App. 49) DeValle testified that he noticed a strong odor of alcohol as well as a strong odor of marijuana in the passenger compartment of the car. Id.

Officers also searched the trunk of the Malibu where 13.4 pounds of marijuana was found. (App. 50) The marijuana was packaged in 4 or 5 bricks and balls in a ziploc bag. (App. 51)

On cross-examination, DeValle agreed that it was he who physically opened the trunk. (App. 52) The trunk was closed prior to entry, and DeValle opened the trunk either by using the key or the trunk release button. Id. Christian did not give consent to opening the trunk, and Devalle did not recall whether he even asked for consent. (App. 52-3) DeValle's pretrial statement made no mention that he smelled marijuana prior to entering the trunk. (App. 53) Christian was secured in DeValle's patrol car at the time of the search with his hands cuffed. (App. 53-4) DeValle acknowledged that Christian had no ability to get to his vehicle once he was arrested. (App. 54)

5

In response to questions from the Court, Trooper DeValle clarified that Christian was handcuffed immediately after the pursuit ended. (App. 28)

## SUMMARY OF ARGUMENT

Since Defendant was unquestionably secured in a police car at the time the trunk of his vehicle was searched, Arizona v. Gant required that police obtain a warrant prior to entering the locked trunk of Defendant's car.

## ARGUMENT

**THE WARRANTLESS SEARCH OF THE LOCKED TRUNK OF DEFENDANT'S CAR VIOLATED THE FOURTH AMENDMENT PRINCIPLES STATED IN ARIZONA V. GANT, WHEN DEFENDANT WAS UNDER ARREST PRIOR TO THE SEARCH AND HAD NO ABILITY TO ACCESS HIS VEHICLE**

### A.    APPLICABLE STANDARD OF REVIEW

In considering rulings on suppression motions, this Court reviews the District Court's factual findings under a clear error standard and reviews conclusions of law de novo. United States v. Williams, ___ F.3d. ___ (No. 12-4374, 4th Cir. 2014), United States v. McBride, 676 F.3d. 385, 391 (4th Cir. 2012).

### B.    THE DISTRICT COURT FAILED TO PROPERLY APPLY GANT TO THE FACTS SURROUNDING DEFENDANT'S ARREST

Defendant respectfully submits that the present case is governed by the decision of the United States Supreme Court in Arizona v. Gant, 556 U.S. 332, 129 S. Ct. 1710 (2009). Relying on the basic Constitutional principle that ". . . searches conducted outside the judicial process, without prior approval

by a judge or magistrate, are _per se_ unreasonable under the Fourth Amendment. . .", the _Gant_ Court definitively held officers may not conduct a warrantless search of a vehicle after the occupant has been detained and has no ability either to obtain a weapon or destroy evidence. Applying _Gant_ to the case sub judice leads to the conclusion that any search of Defendant's stopped vehicle required independent judicial approval before intrusion by law enforcement into Defendant's property.

It is important to note that _Gant_ expressly rejected the State's contention that _Belton v. New York_, 453 U.S. 454(1981) provided blanket authority for arresting officers to conduct warrantless searches of vehicles incident to arrest.

> Under this broad reading of _Belton_, a vehicle search would be authorized incident to every arrest of a recent occupant notwithstanding that in most cases the vehicle's passenger compartment will not be within the arrestee's reach at the time of the search. To read _Belton_ as authorizing a vehicle search incident to every recent occupant's arrest would thus untether the rule from the justifications underlying the _Chimel_ exception — a result clearly incompatible with our statement in _Belton_ that it "in no way alters the fundamental principles established in the Chimel case regarding the basic scope of searches incident to lawful custodial arrests." _Gant_. _Supra_

Of course, even the relatively broad holding of _Belton_ authorized warrantless searches incident to arrest of only the passenger compartment of a car, and did not extend to locked trunks such as the police searched here.

7

The fundamental holding of <u>Gant</u> was summarized in the majority opinion's concluding paragraph:

> Police may search a vehicle incident to a recent
> occupant's arrest only if the arrestee is within
> reaching distance of the passenger compartment at the
> time of the search or it is reasonable to believe the
> vehicle contains evidence of the offense of arrest.
> **When these justifications are absent, a search of an
> arrestee's vehicle will be unreasonable unless police
> obtain a warrant or show that another exception to the
> warrant requirement applies.** <u>Id</u>.(emphasis added)

Defendant respectfully submits that the undisputed evidence at the suppression hearing established that Christian was handcuffed in Trooper DeValle's patrol car at the time the officer "popped" the trunk and discovered contraband. Therefore Christian had absolutely no ability to access his vehicle, either to seize a weapon or to destroy evidence. Likewise, there was no reasonable basis for the trooper to believe the vehicle contained evidence of the offense of arrest, which could only have been speeding to elude arrest under N.C.G.S. 20-141.5. That being the case, <u>Gant</u> mandated that any search be authorized by the neutral and detached magistrate contemplated by the Fourth Amendment.

The District Court noted the following findings of fact and conclusions of law in denying Defendant's motion.

> THE COURT: All right. This matter has come on
> for hearing on the defendant's motion to suppress the
> -- I'll - I don't want to mischaracterize the
> defendant's motion, but the defendant contends that
> under <u>Gant</u> this -- because the defendant was in
> the car in custody and didn't have access to anything

8

in the car at the time the search was conducted that the search -- that all fruits of the search are subject to seizure. I disagree and find that the motion to suppress should be denied for the following reasons.

First of all, I found Trooper Devalle's testimony credible in all respects in terms of what he observed and therefore adopt it in its entirety. I'll give a brief summary of Trooper Devalle's testimony, and that is on – I think it was 3:20 a.m., if my notes are correct, he observed a gold Chevy Malibu traveling -- I guess the Malibu was going west on US 70 traveling 73 in a 45. After turning around and pursuing the vehicle, the Malibu came to a stop. As Trooper Devalle exited his car, walked towards the Malibu, at some point the Malibu again took off leading to an extended high speed chase where speeds, if I understood correctly, reached levels of roughly 93 miles per hour at the maximum.

After several significant maneuvers, including the -- I've forgotten what they were both called, but the stop spikes and the pit maneuver, I believe, the two maneuvers – after several maneuvers they were finally able to stop the gold Malibu on 85 somewhere in Orange County, I believe, if I'm remembering my locations correct. Trooper Devalle and another trooper removed the defendant from the vehicle. After this lengthy high speed chase -- let me back up and say that Trooper Devalle observed the driver of the motor vehicle throw a metallic object out of the car during the course of the chase. Trooper Devalle was able to identify the object as a metallic object because it bounced on the pavement, at least a couple of times, and sparks flew from the object. I find trooper Devalle's conclusion that it was a firearm or some type of metallic weapon based on his experience, that is, the experience of observing items being thrown out of a car window during the course a high speed chase, I find that conclusion to be reasonable. But whether it was or was not, ultimately another officer or a sheriff's deputy involved in the chase stopped, retrieved the gun, radioed back through the deputy's radio communication system, ultimately communicating to Trooper Devalle shortly after or at the time Trooper Devalle was placing the handcuffs -- or had placed the handcuffs on the defendant that it was, in

fact, a firearm that had been retrieved by the side of the highway.

After the defendant was placed into handcuffs, Trooper Devalle patted the defendant down, found a baggie of marijuana in the defendant's pockets along with $2,000 to $3,000 of US currency. Based on the evidence presented before this Court not in response to questioning, but after the discovery of the marijuana, the defendant apparently volunteered that there was marijuana in the vehicle or more marijuana in the car, and subsequently Trooper Devalle observed or noticed a strong odor of raw marijuana in and around the vehicle. Ultimately, Trooper Devalle either using the defendant's keys conducted a search of the trunk and discovered additional marijuana as has been testified to both in baggies and in towels.

I find that the totality of the circumstances known to Trooper Devalle at the time, that is, the fact of flight and one operator in the motor vehicle, the throwing of a firearm from the motor vehicle during the course of the chase, the discovery of marijuana on the person of the defendant, along with the defendant's statement there was more marijuana in the vehicle, coupled with the strong odor of raw marijuana emanating from the vehicle, all sufficient -- provided probable cause which supported a warrantless search of the motor vehicle, and I do not find -- or do not find anything in *Gant* to suggest that the warrantless search of the motor vehicle is improper under those circumstances when officers have probable cause to believe that a controlled substance and contraband is located in the motor vehicle.

Alternatively, I do -- although I don't think it's necessary under the Gant prong of -- as described in the Gant case of a reasonable -- I've forgotten what that language is exactly. But in addition to the access to the interior, a reasonable belief that defendant's car will contain evidence of the offense, it does appear to me under Gant -- or the language in Gant that that is a second prong of permissible searches under the Gant ruling, that is, second prong in relation to what was identified by the Gant opinion.

Under that analysis, it seems to me - and I thought I understood Trooper Devalle to testify that he detained

10

the defendant in handcuffs for officer safety after the
conclusion of the car chase, but I, frankly, did not
understand that to be the point of arrest because not
only is the – although the car chase may have concluded,
both the investigation and the defendant's commission of
offenses, at least from a probable cause standard, was
still continuing by virtue of the defendant's continuing
possession of the marijuana in his pocket as well as the
marijuana that appears to have been at least
constructively possessed in the motor vehicle, assuming
the defendant's statements to the officer to have been
correct. So it seems to me, alternatively, that second
prong of Gant could arguably apply here as well.

But in any event, based on those findings and
based upon what I find to be the credibility of
Trooper Devalle with respect to the facts of this
case, I find that the motion to suppress should be
denied. (App. 70-74)

Clearly, the District Court based its ruling on the
existence of probable cause rather than the necessity of a
warrant under Gant. It is Defendant's contention that this
represents a misreading of Gant, which served to limit the
authority many post-Belton authorities had assumed, i.e., that
police possessed power to conduct searches on their own volition
merely because the object the search was a wheeled vehicle
rather than a residence. As the Gant court expressly noted, the
Fourth Amendment guarantee of the individual right of personal
privacy from unfettered police interference is well applicable
to vehicle searches.

A rule that gives police the power to conduct such a
search whenever an individual is caught committing a
traffic offense, when there is no basis for believing
evidence of the offense might be found in the vehicle,
creates a serious and recurring threat to the privacy
of countless individuals. **Indeed, the character of**

**that threat implicates the central concern underlying the Fourth Amendment — the concern about giving police officers unbridled discretion to rummage at will among a person's private effects.** <u>Gant, supra</u>, at 345(emphasis added)

Absent a valid warrant, Trooper DeValle and his associates had no legal basis to search the locked trunk of Defendant's car, and the contraband seized during the search should therefore have been suppressed.

<u>**CONCLUSION**</u>

For the reasons set forth herein, Defendant requests that the District Court's ruling denying his motion to suppress be reversed and the cause remanded for entry of judgment of dismissal.

<u>**REQUEST FOR ORAL ARGUMENT**</u>

Counsel for appellant hereby requests oral argument on the issue raised herein.

Respectfully submitted, this the 25th day of March, 2014.

/s/ J. Clark Fischer
_____
J. Clark Fischer, Attorney for Appellant
**Randolph and Fischer**
407 Summit Street Winston-Salem, NC 27101
336-724-3513
NCSB#9217
clarkf@randolphandfischer.com

12

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.   This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

this brief contains <u>2,691</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

this brief has been prepared in a monospaced typeface using <u>Microsoft Word</u> in <u>12 point Courier New</u>.

<u>/s/ J. Clark Fischer</u>
J. Clark Fischer

Dated: March 25, 2014

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 25, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Kyle D. Pousson
OFFICE OF THE
   UNITED STATES ATTORNEY
101 South Edgeworth St.
4th Floor
Greensboro, NC  27401
(336) 333-5351

*Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Adrienne R. Acra-Passehl
Adrienne R. Acra-Passehl
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street
Suite 230
Richmond, VA  23219